IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE D. McCLENDON, ) | No. C 09-0647 MMC (PR) |
| ) | |
| Petitioner, ) | **ORDER TO SHOW CAUSE** |
| ) | |
| v. ) | |
| ) | |
| JAMES TILTON, Director, ) | |
| California Department of Corrections ) | |
| and Rehabilitation, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

On February 13, 2009, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

**BACKGROUND**

In 2004, in the Superior Court of Alameda County, petitioner was convicted of torture and child abuse, and enhancements for great bodily injury and the use of a deadly weapon were found true. He was sentenced to a term of life in prison with the possibility of parole. The California Court of Appeal affirmed the conviction, and the California Supreme Court denied review. Petitioner subsequently sought state habeas corpus relief. In February 2009, the California Supreme Court denied petitioner's final state habeas petition.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a);

Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.   Petitioner's Claims

Petitioner raises the following claims for relief: his conviction was based on the presentation of false evidence by the prosecution and petitioner's co-defendant, in violation of due process; petitioner was denied the effective assistance of trial and appellate counsel, in violation of the Sixth and Fourteenth Amendments; prosecutorial misconduct, in violation of the Fifth and Fourteenth Amendments; and the wrongful denial of a severance by the trial court, in violation of due process.  Liberally construed, petitioner's claims are cognizable.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto on respondent and respondent's counsel, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the

answer is filed.

3. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

DATED: August 12, 2009

_____
MAXINE M. CHESNEY
United States District Judge

3