IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE D. McCLENDON,<br><br>   Petitioner,<br><br>   v.<br><br>JAMES TILTON, Director,<br>California Department of Corrections<br>and Rehabilitation,<br><br>   Respondent.<br>_____ | No. C 09-0647 MMC (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION AS UNEXHAUSTED; DIRECTING PETITIONER TO FILE AMENDED PETITION OR REQUEST FOR STAY**<br><br>**(Docket No. 5)** |

On February 13, 2009, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Thereafter, the Court ordered respondent to file an answer showing cause why the petition should not be granted, or in the alternative, a motion to dismiss on procedural grounds. Respondent chose the latter course, and has filed a motion to dismiss the petition for failure to exhaust. See 28 U.S.C. § 2254(b)-(c). Petitioner has filed opposition to the motion, respondent has filed a reply, and petitioner has filed a sur-reply.[1]

**BACKGROUND**

On August 26, 2003, a jury convicted petitioner of torture and abuse of his girlfriend's

---

[1] Good cause appearing, petitioner's request to file a sur-reply is hereby GRANTED. (Docket No. 9.)

five-year-old daughter. Cal. Penal Code, §§ 206, 273(a)(1). The jury also found petitioner used a deadly and dangerous weapon within the meaning of Penal Code section 12022(b)(1), and personally inflicted great bodily injury within the meaning of Penal Code section 12022.7(a). On June 8, 2004, the trial court sentenced petitioner to prison for life with the possibility of parole.

The California Court of Appeal affirmed the judgment. Thereafter, petitioner filed a pro se petition for review in the California Supreme Court. He claimed the trial court erred in denying his severance motion, in failing to give accomplice instructions, and in admitting evidence concerning plea negotiations; he also claimed ineffective assistance of trial counsel. (Mot. to Dismiss Ex. 1.) The Supreme Court denied review on November 15, 2006.

On February 5, 2008, a petition for a writ of habeas corpus was filed in the California Supreme Court on petitioner's behalf by his retained state habeas counsel. The petition raised the following claims: introduction, by both the prosecution and petitioner's co-defendant, of false evidence at trial; insufficiency of the evidence to support petitioner's conviction; prosecutorial vouching amounting to misconduct; ineffective assistance of trial counsel, on numerous grounds; improper jury instructions on the elements of torture; and failure of the court to instruct sua sponte on the lesser included offenses of child abuse and felony child endangerment. (Mot. to Dismiss Ex. 2.)

A little more than a month after petitioner's attorney filed the above petition, and while that petition was still pending, petitioner submitted to the California Supreme Court a 61-page pro se supplemental petition, in which he asserted the following claims: additional instances of false evidence introduced at trial by the prosecution and petitioner's co-defendant; additional instances of ineffective assistance of trial counsel; ineffective assistance of appellate counsel; additional instances of prosecutorial misconduct; and double jeopardy. On March 14, 2008, the Supreme Court docketed the supplemental petition as "Received." (Reply Ex. A.) On February 11, 2009, the Supreme Court issued an order without citation or comment, summarily denying habeas relief. (Id.)

Petitioner filed the instant petition on February 13, 2009. The petition sets forth seven

1 categories of claims for relief, which categories include (1) claims raised by petitioner in his
2 petition for review to the California Supreme Court, (2) claims raised by petitioner's attorney
3 in the state habeas petition filed with the California Supreme Court, and (3) claims raised by
4 petitioner in the pro se supplemental state habeas petition he submitted to the California
5 Supreme Court.

## DISCUSSION

7 Respondent moves to dismiss the petition on the ground it is unexhausted because
8 petitioner did not fairly present to the California Supreme Court the claims raised in his pro
9 se supplemental habeas petition.

10 Prisoners in state custody who wish to challenge collaterally in federal habeas
11 proceedings either the fact or length of their confinement are first required to exhaust state
12 judicial remedies, either on direct appeal or through collateral proceedings, by providing the
13 highest state court available with a fair opportunity to rule on the merits of each and every
14 claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). The exhaustion-of-
15 state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial
16 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'"
17 Picard v. Connor, 404 U.S. 270, 275 (1971) (internal citation omitted). A federal district
18 court must dismiss a federal habeas petition containing any claim as to which state remedies
19 have not been exhausted. Rhines v. Webber, 544 U.S. 269, 273 (2005).

20 The exhaustion requirement is satisfied only if a federal claim has been "fairly
21 presented" to the state courts. Picard, 404 U.S. at 275. A federal claim is fairly presented to
22 the state supreme court if it is raised by a procedural method which complies with the state
23 appellate rules and involves a "permissible method of raising an issue in [the state supreme
24 court]." Farmer v. Baldwin, 563 F.3d 1042, 1044 (9th Cir. 2009). Conversely, a federal
25 claim is not fairly presented if it is raised by a procedural method which makes it unlikely the
26 claim will be considered on the merits. See Castille v. Peoples, 489 U.S. 346, 351 (1989)
27 (finding presentation by way of petition to state supreme court for allocatur, which, under
28 state procedure, may be considered only when "there are special and important reasons

3

therefor," insufficient to exhaust); Casey v. Moore, 386 F.3d 896, 917-18 (9th Cir. 2004) (holding federal claims not fairly presented where petitioner raised claims only in petition for discretionary review to state supreme court).

Here, respondent argues, all of the claims that were raised solely in petitioner's pro se supplemental petition to the California Supreme Court are unexhausted because they were not fairly presented to that court for review. In support of such argument, respondent relies on In re Barnett, 31 Cal. 4th 466 (2003), which case established a rule that pro se habeas corpus claims submitted by a represented capital petitioner would not be considered by the California Supreme Court.

In Barnett, the capital inmate submitted several pro se habeas corpus petitions to supplement the petition filed by his counsel. In deciding whether the pro se documents should be filed and considered on the merits, the Supreme Court stated:

> As is the situation in a capital trial or appeal, there is no constitutional or statutory provision that grants a represented inmate the right to file pro se petitions, motions, objections, or other briefing in furtherance of his or her capital habeas corpus case. Nor do our published practices, procedures or policy standards governing capital habeas corpus proceedings afford such a right. Moreover, we indicated quite some time ago that the general rule prohibiting a represented party's pro se documents applies in the habeas corpus context.

Id. at 476-77 (internal citations omitted).

The Supreme Court then proceeded to adopt the following rule:

> This court will not file or consider a represented capital inmate's pro se submission to the extent it challenges, or otherwise pertains to, the legality of the death judgment. Challenges that go to the legality of the death judgment fall squarely within the scope of habeas corpus counsel's representation, and there appears no legitimate reason why capital inmates who have habeas corpus counsel should not be required to submit such matters to their attorneys for investigation and proper presentation to this court in a petition prepared and filed by their attorneys. Indeed, with their formal legal training, professional experience, and unrestricted access to legal and other resources, counsel possess distinct advantages over their inmate clients in investigating the factual and legal grounds for potentially meritorious habeas corpus claims and in recognizing and preparing legally sufficient challenges to the validity of the inmates' death judgments.

Id. at 477 (footnotes and internal citations omitted).

The Supreme Court concluded:

4

> A rule declining the filing and consideration of a represented capital inmate's pro se submissions as such is consistent with the general rule that represented parties have no right to present their cases personally alongside counsel – a principle we have recognized in the context of both capital trials and appeals, <u>and in noncapital habeas corpus proceedings as well</u>. Restricting pro se submissions by represented inmates also is consistent with the established rule in California that represented parties in civil matters must act through their counsel. Such a restriction is reasonable and serves to promote the fair and efficient administration of justice while avoiding inept procedures, repetitious and piecemeal claims, tactical conflicts, and confusion.

<u>Id.</u> at 478 (footnotes and internal citations omitted) (emphasis added).

Further, with respect to noncapital habeas petitions, the Supreme Court stated:

> We recognize that inmates convicted solely of noncapital crimes typically are represented only by appellate counsel who have no obligation to investigate or present grounds for habeas corpus relief. Nothing in this opinion should be construed to bar a court's filing and consideration of pro se habeas corpus petitions and claims from a noncapital inmate <u>unless counsel has also been specifically retained or appointed to prosecute habeas corpus remedies on the inmate's behalf.</u>

<u>Id.</u> at 478 n.9 (internal citation omitted) (emphasis added).

Relying on <u>Barnett</u>, respondent argues that because petitioner was represented by counsel in his habeas corpus proceeding before the state Supreme Court, and because the Supreme Court's docket shows only that petitioner's pro se supplemental petition was only "received," i.e., there is no record that it was actually filed, the supplemental petition was not considered on the merits by the Supreme Court.

In response, petitioner argues his case is distinguishable from <u>Barnett</u> on three grounds. First, petitioner asserts, the Supreme Court refused to consider Barnett's pro se filings because it found "[petitioner's attorney] continue[d] to represent petitioner in [various] state court proceedings, and petitioner ha[d] never disavowed the state habeas corpus petition [his attorney] prepared on his behalf." <u>Id.</u> at 470. By contrast, petitioner maintains, he discharged his retained attorney when said counsel refused to file the supplemental petition prepared by petitioner, and, consequently, petitioner was proceeding pro se when he submitted the supplemental petition to the Supreme Court. (Sur-Reply at 4:8-12.) Further, petitioner states, he "disavowed [retained counsel] in state court and continues to do so in these federal proceedings." (<u>Id.</u> at 4:13-14.) Petitioner's assertions are

5

contradicted by the evidence before the Court.

In particular, petitioner, in preparing the pro se supplemental habeas petition, used the California Judicial Council's form petition, which asks the following question: "Are you presently represented by counsel?" (Pet.'s Opp. Ex. 2 (form petition) at 6); in response, petitioner checked the "Yes" box. (Id.) Further, in response to the question asking whether he had any petition, appeal or other matter pending in any court, petitioner responded "Yes," and wrote "Writ of Habeas Corpus pending in CA Supreme Court." (Id. at no. 17.) He also wrote, in response to the question asking him to state the circumstances justifying his application, "Supplement for petition already pending in California Supreme Court Case #S160596." (Id. at no. 18.) Notably, nowhere in the form petition, or in the body of the 61-page supplemental petition attached to the form, did petitioner state he was disavowing the petition filed by habeas counsel on his behalf, or that he was submitting his supplemental petition in lieu thereof. Consequently, based on the information provided by petitioner in the pro se supplemental petition, the Court finds the Supreme Court, upon receiving said petition, would have had no reason to conclude petitioner was proceeding pro se in his state habeas corpus proceedings and that the supplemental petition was intended to supplant the petition filed by petitioner's attorney.

Petitioner next attempts to distinguish his case from Barnett on the ground petitioner is not a capital inmate. As noted, however, the Supreme Court made clear therein that the rule prohibiting consideration of pro se filings by represented petitioners applies equally to noncapital and capital habeas corpus proceedings. See Barnett, 31 Cal. 4th at 478 & n.9.

Lastly, petitioner argues that the Supreme Court must have considered his pro se supplemental petition because it did not return the petition to him. Specifically, petitioner notes that in Barnett, the Supreme Court returned to the petitioner therein the pro se documents it had refused to file. See id. at 478 (noting intent to return Barnett's pro se filings). In view of the above-described facts of the instant case, the Court finds such distinction immaterial. Barnett established a "rule declining the filing" of represented inmates' pro se submissions. Id. Here, such declination is reflected in the Supreme Court's

docketing of the supplemental petition as "Received" rather than "Filed."  (See Reply Ex. A); see also Barnett, 31 Cal.4th at 470-71 (describing Barnett's pro se submissions as "received" and ordering Director of Corrections to show cause why "[the] court should not file" those documents).

Based on the above, the Court concludes the claims raised by petitioner in his pro se supplemental habeas petition were not presented to the California Supreme Court in the proper procedural posture for consideration.  The Court thus finds petitioner did not fairly present the claims in that petition to the Supreme Court for review and, as a result, those claims are unexhausted.

Accordingly, the Court will grant respondent's motion to dismiss the petition as a "mixed" petition that contains both exhausted and unexhausted claims.  See Rhines v. Weber, 544 U.S. 269, 273 (2005).  Before entering a judgment of dismissal, however, the Court must provide petitioner an opportunity to amend the mixed petition by striking his unexhausted claims as an alternative to dismissal.  See Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005).  As a further potential alternative, the Court, under certain circumstances, may stay a mixed petition while the petitioner returns to state court to exhaust his unexhausted claims.  See King v. Ryan, 564 F.3d 1133, 1139-41 (9th Cir. 2009) (describing options for requesting stay).  Accordingly, petitioner may choose either to amend his petition and proceed only with his exhausted claims, or request a stay of the petition while he exhausts his unexhausted claims in state court.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Respondent's motion to dismiss is hereby GRANTED.  (Docket No. 5.)

2. Within **thirty (30) days** of the date this order is filed, petitioner shall either: (1) file an amended petition that includes only his exhausted claims and strikes the unexhausted claims, or (2) file a request for a stay of this matter while he exhausts his unexhausted claims in state court.

3. If petitioner chooses to file an amended petition, he must include the caption and

7

civil case number used in this order, No. C 09-0647 MMC (PR), as well as the words AMENDED PETITION on the first page; petitioner shall not incorporate material from the original petition by reference.

    4. If petitioner files a request for a stay, respondent <u>shall</u> file a response thereto within **twenty (20)** days of the date petitioner's request is filed. The request will be deemed submitted on the date respondent's response is due.

    5. If petitioner fails to file either an amended petition or a request for a stay as ordered herein, the petition will be dismissed without prejudice to petitioner's later filing a new petition that contains only exhausted claims.

    This order terminates Docket No. 5.

    IT IS SO ORDERED.

DATED: September 27, 2010

_____
MAXINE M. CHESNEY
United States District Judge