**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE D. McCLENDON,<br><br>   Petitioner,<br><br>   v.<br><br>JAMES TILTON, Director,<br>California Department of Corrections<br>and Rehabilitation,<br><br>   Respondent.<br>_____ | No. C 09-0647 MMC (PR)<br><br>**ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED; DIRECTIONS TO CLERK** |

   On February 13, 2009, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 27, 2010 the Court granted respondent's motion to dismiss the petition as a "mixed" petition that contained both exhausted and unexhausted claims, and directed petitioner either to file an amended petition that included only his exhausted claims and omitted the unexhausted claims, or to file a request for a stay of this matter for the purpose of his exhausting his unexhausted claims in state court. On October 27, 2010, petitioner filed an amended petition.

   Thereafter, on December 13, 2011, the Court granted respondent's second motion to dismiss the petition as a "mixed" petition, on the ground that the amended petition retained certain unexhausted claims. Petitioner was again directed to either file an amended petition that included only exhausted claims or to file a request for a stay.

Now pending before the Court is petitioner's second amended petition from which he has stricken the unexhausted claims.

Good cause appearing, the Court orders as follows:

1. The Clerk shall serve by certified mail a <u>copy of this order and the second amended petition</u> (Docket No. 16), upon respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

3. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

DATED: January 24, 2012

_____
MAXINE M. CHESNEY
United States District Judge