IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDRE D. McCLENDON, | ) | No. C 09-0647 MMC (PR) |
| Petitioner, | ) ) | **ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE TRAVERSE; DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | ) ) | |
| JAMES TILTON, Director, California Department of Corrections and Rehabilitation, | ) ) ) ) | |
| Respondent. | ) ) | **(Docket No. 23)** |
| _____ | ) | |

On February 13, 2009, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed an answer to the petition. Now before the Court is: (1) petitioner's motion for an extension of time to file a traverse; and (2) petitioner's motion for appointment of counsel.

1. <u>Extension of Time</u>

Good cause appearing, petitioner's motion for an extension of time to file a traverse is hereby GRANTED. Petitioner shall file his traverse no later than **August 22, 2012.**

2. <u>Appointment of Counsel</u>

The Sixth Amendment's right to counsel does not apply in habeas actions. <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 728 (9th Cir.), <u>cert. denied</u>, 479 U.S. 867 (1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." <u>See</u> 18 U.S.C. § 3006A(a)(2)(B). Here, petitioner's claims have been adequately presented in the petition, and the interests of

justice do not otherwise require the appointment of counsel. Accordingly, petitioner's motion for appointment of counsel is hereby DENIED. Should the circumstances of the case materially change, the Court may reconsider petitioner's request sua sponte.

This order terminates Docket No. 23.

IT IS SO ORDERED.

DATED: July 27, 2012

MAXINE M. CHESNEY
United States District Judge